IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM DEGENHART, M.D., )
 )
    Plaintiff, )
 )
v. )
 )
CONGAREE STATE BANK, THE )
DEGENHART LAW FIRM, PAUL )
DEGENHART, and MARY N )
DEGENHART, )
 )
    Defendants. )   CASE NO. CV411-013
 )
CONGAREE STATE BANK, )
 )
    Cross Claimant, )
 )
v. )
 )
THE DEGENHART LAW FIRM, PAUL )
DEGENHART, and MARY N )
DEGENHART, )
 )
    Cross Defendants. )
 )

## O R D E R

Before the Court is Defendant Congaree State Bank's Motion to Dismiss or Transfer. (Doc. 17.) For the following reasons, Defendant Congaree's Motion to Dismiss or Transfer is **GRANTED IN PART** and **DENIED IN PART**. Defendant Congaree's request for dismissal based on lack of subject matter jurisdiction is **DENIED**. However, Defendant Congaree's request for transfer is **GRANTED** because the Court concludes that such transfer is appropriate under 28 U.S.C.

§ 1404(a). Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the **United States District Court for the District of South Carolina, Columbia Division**. Following transfer, the Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

In this case, Plaintiff alleges that his purported signature has been fraudulently used to execute several loan documents. (Doc. 1, Ex. 1 ¶ 10.) The documents were executed in connection with a loan obtained by MND Properties, LLC from Defendant Congaree State Bank ("Congaree"), a South Carolina bank. (Id. ¶¶ 2, 7.) Defendants Mary Nell Degenhart and Paul Degenhart, residents of South Carolina, are principals in both MND Properties and Defendant Degenhart Law Firm. (Id. ¶¶ 8-9.) The documents bearing the allegedly fraudulent signatures are several promissory notes, mortgages, and personal guarantees. (Id. ¶ 10.) According to Plaintiff, these loan transactions were closed by Defendant Degenhart Law Firm, which is located in South Carolina. (Id. ¶ 12.) Plaintiff maintains that he "did not sign any of these documents, nor did he authorize the execution of any of the documents." (Id. ¶ 11.)

After learning of the fraudulent use of his signature, Plaintiff filed a complaint in the Superior Court of Chatham County. (Id.) In the complaint, Plaintiff seeks damages from all Defendants for breach of duty. (Id. ¶¶ 19-20.) In support of this claim, Plaintiff reasons that Defendants Mary Nell Degenhart, Paul Degenhart, and Degenhart Law Firm "failed to provide the Plaintiff with the benefit of their professional skill and judgment by allowing false and/or improperly utilized signatures to be affixed to documents." (Id. ¶ 19.) With respect to Defendant Congaree, Plaintiff contends that Defendant Congaree "breached the standard of care applicable to the banking industry through accepting loan documents as valid and binding without taking independent action to verify the validity of the signatures." (Id. ¶ 20.) In addition, Plaintiff seeks a declaratory judgment that he is not bound by either the personal guarantee or the promissory note. (Id. ¶ 28.)

On January 28, 2011, Defendants timely removed this case from the Superior Court of Chatham County based on this Court's diversity jurisdiction. (Doc. 1.) On May 19, 2011, Defendant Congaree filed a Motion to Dismiss for Lack of Jurisdiction or Transfer. (Doc. 17.) In its motion, Defendant Congaree argues that the Court lacks subject

3

matter jurisdiction over Plaintiff's claim for a declaratory judgment. (Id. at 3-4.) In the alternative, Defendant Congaree contends that the Court should transfer this case to the Federal District Court for the District of South Carolina. (Id. at 4-9.) In his response, Plaintiff reasons that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (Doc. 21 at 4-5) and that the case should be litigated in Georgia (id. at 21).

## ANALYSIS

### I. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

In its motion, Defendant Congaree argues that the Court lacks subject matter jurisdiction because, under Georgia law, Georgia courts lack the power to adjudicate disputes involving title to real property located in another state. (Doc. 17 at 3-4.) In response, Plaintiff contends that jurisdiction is proper because he has shown complete diversity and that greater than $75,000 is in dispute, and Georgia law does not preclude a Georgia Court from granting him the relief he seeks. (Doc. 21 at 4-5.) In this case, Plaintiff invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that statute, there are only two requirements that must be met for this Court to exercise

4

subject matter jurisdiction over this case: (1) that there exists complete diversity between the parties; and (2) that the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Plaintiff has established both requirements and, as a result, this Court has subject matter jurisdiction over his claim.

Defendant Congaree's argument concerning the lack of this Court's ability to grant Plaintiff relief misses the point with respect to subject matter jurisdiction. Congress has granted this Court the power to hear any case so long as the requirements of § 1332 are met. What Defendant Congaree is contending is that Plaintiff has failed to state a claim upon which relief may be granted. Such an argument is properly advanced in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It does not, however, divest this Court of the subject matter jurisdiction Congress saw proper to impart on federal district courts. Accordingly, Defendant Congaree's request to dismiss for lack of jurisdiction is **DENIED**.

II. DEFENDANT CONGAREE'S MOTION TO TRANSFER

In its motion, Defendant Congaree requests, as alternative relief, transfer of this case to the District

Court of South Carolina. (Doc. 17 at 4-8.) 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' A motion to transfer under § 1404(a) thus calls on the District Court to weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

The Court's analysis of a § 1404(a) motion is guided by several factors: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial

6

efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); see Moore v. McKibbon Brothers, Inc., 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998). Of these considerations, the most important factor is the convenience of the witnesses. Duckworth v. Med. Electro-Therapeutics, Inc., 768 F. Supp. 822, 831 (S.D. Ga. 1991). The party seeking transfer bears the burden of demonstrating "that the balance of convenience and justice 'weighs heavily in favor of the transfer.'" Id. at 831 (quoting Elec. Transaction Network v. Katz, 734 F. Supp. 492, 501 (N.D. Ga. 1989)). Ordinarily, the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill. P.C., 74 F.3d 253, 260 (11th Cir. 1996) (citations omitted). However, "[t]he significance of the plaintiff's choice is diminished if the forum selected is not the home district of any of the parties involved in the action." Aeroquip Corp. v. Deutsch Co., 887 F. Supp. 293, 294 (S.D. Ga. 1995); accord Haworth, Inc. v. Herman Miller, Inc., 821 F. Supp. 1476, 1479 (N.D. Ga. 1992).

In this case, the Court concludes that transfer to the Columbia Division of the Federal District Court for the District of South Carolina is appropriate under § 1404(a). First, venue is proper in South Carolina because Defendants all are South Carolina residents. See 28 U.S.C. § 1391(b)(1) (laying venue in any judicial district where a defendant resides if all defendants are residents of the state in which the district is located). Second, all of the events that gave rise to Plaintiff's claim occurred in South Carolina. Georgia's only connection with this case is that one of its resident's name was fraudulently used on several loan documents. This case involves a South Carolina bank, a South Carolina law firm, and two South Carolina attorneys. Indeed, even the property used as security for the loans is located in South Carolina.[1] These facts weigh heavily in favor of transfer.

---

[1] While it has no bearing on this Court's decision with respect to the appropriateness of transferring venue, the Court is aware of Defendant Congaree's arguments that this Court lacks to power grant Plaintiff relief because he is bringing a local action concerning matters that ultimately will affect title to South Carolina real estate, which must be brought in South Carolina. The Court takes no position on the merits of Defendant Congaree's argument, but only points out that transfer to the District of South Carolina would appear to avoid that issue.

Third, South Carolina is much more convenient to the overwhelming majority of both the parties and primary witnesses. Again, all the events at issue in this case took place in South Carolina. With the exception of Plaintiff, all Defendants are in South Carolina. In addition, the overwhelming majority of both witnesses and evidence in this case is likely to be located in South Carolina. Also, there is no indication that Plaintiff, a medical doctor, lacks the means to prosecute this case in Columbia, South Carolina—a short two-and-a-half hour drive from Savannah. As a result, these factors weigh heavily in favor of transfer.

Finally, trial efficiency, the interests of justice, and the totality of the circumstances weigh in favor of transfer. It is likely that South Carolina law will apply to much of this case, which is, of course, better understood by South Carolina courts. In addition, all the events took place in South Carolina and involve a South Carolina bank, a South Carolina law firm, two South Carolina attorneys, and South Carolina real property. Clearly, South Carolina has a greater interest in the adjudication of this dispute. Assessing the totality of the circumstances involved in this

case, the Court concludes that transfer to the District of South Carolina, Columbia Division is appropriate.[2]

## CONCLUSION

For the foregoing reasons, Defendant Congaree's Motion to Dismiss for Lack of Jurisdiction or Transfer is **GRANTED IN PART** and **DENIED IN PART**. Defendant Congaree's request based on lack of subject matter jurisdiction is **DENIED**. However, Defendant Congaree's request for transfer is **GRANTED** because the Court concludes that such transfer is appropriate under 28 U.S.C. § 1404(a). Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the **United States District Court for the District of South Carolina, Columbia Division**. Following transfer, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this **26th** day of March 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes that several defendants have filed Motions to Dismiss for Lack of Personal Jurisdiction (Docs. 46, 48.) While the Court is not deciding that matter here, at first glance it would certainly appear that this Court lacks personal jurisdiction over these defendants, requiring their dismissal from this case. Once again, transfer to the District of South Carolina would appear to resolve this issue.

10